UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAVON TURNER, Plaintiff,

v.

GNOME WELLNESS, LLC, Defendant.

Case No.: 1:24-cv-08283-RA

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Introduction

Defendant Gnome Wellness, LLC ("Defendant") respectfully moves this Court to dismiss the Complaint filed by Plaintiff Tavon Turner ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff alleges that Defendant's website violates Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., by lacking accessibility features such as screen reader compatibility, keyboard navigation, and proper alt-text for images, as required by the Web Content Accessibility Guidelines (WCAG). However, Plaintiff fails to establish Article III standing, as the Complaint does not demonstrate a concrete and particularized injury-in-fact or a genuine intent to access Defendant's website for its services. In the absence of standing, this Court lacks jurisdiction, and the Complaint must be dismissed.

Background

Plaintiff, a visually impaired individual, claims to have visited Defendant's website and encountered accessibility barriers that prevented effective use with screen reader software. Plaintiff filed similar lawsuits against numerous businesses in New York in 2024, including Silver Therapeutics of New York, Inc., Westchester Harvesting Company LLC, Gotham Dispensary LLC, CannaBoy TreeHouse LLC, and Stage One Cannabis, LLC, alleging identical WCAG violations. These filings are part of a broader trend of 3,188 ADA website accessibility lawsuits in 2024, with 1,600 filed in New York, primarily in the Southern and Eastern Districts, where courts have historically been receptive to such claims. Plaintiff seeks injunctive relief, attorney's fees, and costs.

Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and plaintiffs bear the burden of establishing standing under Article III of the U.S. Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To establish standing, a plaintiff must show: (1) a concrete and particularized injury-in-fact that is actual or imminent; (2) a causal

connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. Id. In ADA website cases, plaintiffs must demonstrate a genuine intent to use the defendant's services and a specific barrier that caused harm. Spokeo, Inc. v. Robins, 578 U.S. 330, 339-40 (2016). Courts in this Circuit have dismissed ADA website lawsuits where plaintiffs act as testers without intent to engage with the website's services. Harty v. W. Point Realty, Inc., 28 F.4th 435 (2d Cir. 2022).

Argument

Plaintiff Lacks Article III Standing

Plaintiff's Complaint fails to allege a concrete and particularized injury-in-fact. The Complaint asserts that Plaintiff encountered accessibility barriers on Defendant's website but does not specify how these barriers caused actual harm or prevented Plaintiff from accessing specific goods or services offered by Gnome Wellness, LLC. Instead, the Complaint relies on generalized allegations of WCAG non-compliance, mirroring those filed in Plaintiff's numerous other lawsuits in 2024. Such formulaic claims do not satisfy the requirement for a particularized injury. Spokeo, 578 U.S. at 339 (requiring more than a bare procedural violation).

Furthermore, Plaintiff does not demonstrate a genuine intent to use Defendant's website for its intended purpose. Plaintiff's pattern of filing multiple lawsuits in New York, including against diverse businesses in specialty retail, healthcare, and pharmaceuticals, suggests a tester-driven approach rather than a bona fide interest in Defendant's services. In Acheson Hotels, LLC v. Laufer, 144 S. Ct. 18 (2023), the Supreme Court dismissed a similar tester case as moot but left unresolved the question of standing for plaintiffs who visit websites solely to identify ADA violations. The Second Circuit has held that tester plaintiffs must show a plausible intent to use the defendant's services to establish standing. Harty, 28 F.4th at 444. Plaintiff's Complaint lacks any allegation of intent to purchase or engage with Gnome Wellness's products, undermining standing.

Plaintiff's Serial Litigation Undermines Credibility

Plaintiff's filing of multiple lawsuits in 2024, including against Silver Therapeutics (filed Nov. 1, 2024), Westchester Harvesting (filed Oct. 23, 2024), Gotham Dispensary (filed Oct. 22, 2024), CannaBoy TreeHouse (filed Oct. 31, 2024), and Stage One Cannabis (filed Oct. 24, 2024), indicates a pattern of serial litigation. New York's federal courts, handling 1,600 of the 3,188 ADA website lawsuits in 2024, are a focal point for such claims due to favorable precedents. However, courts have expressed skepticism about serial plaintiffs who use automated tools or cursory visits to generate lawsuits without genuine engagement. Zinnamon v. Satya Jewelry II, LLC, No. 1:23-cv-05432 (S.D.N.Y. 2024) (sanctioning plaintiff's counsel for inadequate standing allegations). Plaintiff's prolific filings suggest a lack of specific injury tied to Defendant's website, further justifying dismissal.

Dismissal Is Warranted Without Prejudice

Given Plaintiff's failure to establish standing, dismissal is warranted under Rule 12(b)(1). Defendant requests dismissal without prejudice, allowing Plaintiff to refile if able to allege a concrete injury and genuine intent to use Defendant's website. Alternatively, Defendant requests a hearing to address jurisdictional issues.

Conclusion

For the foregoing reasons, Defendant Gnome Wellness, LLC respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

Gregory Kerber
Pro Se
56 Bridge Ave
Johnsonville, NY 12094
Date: May 22, 2025